Brett W. Johnson (#021527)
Tracy A. Olson (#034616)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
E-Mail: bwjohnson@swlaw.com
        tolson@swlaw.com

*Attorneys for Defendant T-Mobile USA, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA, PRESCOTT DIVISION

| | |
|---|---|
| Dr. Michael P. Ward, D.O. and Dr. Kelli Ward, D.O., husband and wife; and Mole Medical Services, P.C., an Arizona Professional Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Bennie G. Thompson, in his official capacity as Chairman of the House Select Committee to Investigate the January 6th Attack on the United States Capitol; Select Committee to Investigate the January 6th Attack on the United States Capitol, a committee of the United States House of Representatives; T-Mobile USA, Inc., a Delaware Corporation,<br><br>Defendants. | No. 3:22-cv-08015-SMB<br><br>**DEFENDANT T-MOBILE USA, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO QUASH**<br><br>Assigned to: Hon. Diane Humetewa |

## **INTRODUCTION**

Defendant T-Mobile USA, Inc. ("T-Mobile"), by and through undersigned counsel, respectfully submits this Response to Plaintiffs' Motion to Quash a Subpoena *Duces Tecum* ("Motion to Quash") issued by the United States House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol (the "Committee").

T-Mobile takes no position on the merits of Plaintiffs' arguments regarding the

Committee's authority to issue the Subpoena or ultimate entitlement to the information requested therein and will comply with any order of the Court concerning production of the materials requested by the Subpoena. T-Mobile files this response solely to address certain additional concepts raised in Plaintiffs' Motion to Quash, including that the Subpoena requests Protected Health Information ("PHI") that is subject to and cannot be disclosed under the federal Health Insurance Portability and Accountability Act ("HIPAA") and infringes upon the physician-patient privilege.

T-Mobile respectfully requests that the Court reject any argument in the Motion to Quash that seeks or depends on a finding that (1) T-Mobile has any obligations under HIPAA concerning the call detail records requested in the Subpoena, or (2) T-Mobile has any obligation to assert or act to protect any claimed physician-patient privilege with respect to the records requested in the Subpoena. As explained further below, T-Mobile is neither a Covered Entity nor Business Associate under HIPAA with respect to the call detail records requested by the Subpoena; HIPAA, therefore, does not impose upon T-Mobile any obligations concerning those records. Similarly, T-Mobile, as a third-party wireless services provider, has no knowledge or visibility into the specific purposes for which individual subscribers like Plaintiffs use their mobile devices. Accordingly, irrespective of whether the Court accepts Plaintiffs' position that portions of the records requested could be covered by the physician-patient privilege, the Court should reject any suggestion that T-Mobile is obligated to assert any such privilege on behalf of Plaintiffs in response to otherwise valid legal process.

## BACKGROUND

In January 2022, the Committee served T-Mobile with a subpoena, seeking "subscriber information" associated with numbers purportedly used by Plaintiffs, as well as "connection records and records of session times and durations," which means "[a]ll call, message (SMS & MMS), Internet Protocol ("IP"), and data-connection detail records associated with the Phone Numbers, including all phone numbers, IP addresses, or devices that communicated with the Phone Number via delivered and undelivered inbound,

outbound, and routed calls, messages, voicemail, and data connections." [Dkt. #1-1 at 3.] The Subpoena does not seek any information concerning the contents of communication to or from the telephone numbers Plaintiffs allege they use. [*See generally* Dkt. #1-1.]

By letter dated January 24, 2022, T-Mobile notified Plaintiffs of the Committee's request and provided Plaintiffs with relevant portions of the Subpoena. [Dkt. #1-1 at 1.] T-Mobile informed Plaintiffs that the company would comply with the Subpoena unless Plaintiffs filed a motion or other legal proceedings seeking to prevent T-Mobile from producing documents sought under the Subpoena. [*Id.*]

On or around February 1, 2022, Plaintiffs filed a lawsuit and the Motion to Quash, requesting this Court quash the Subpoena, in part based on Plaintiffs' claim that they are health care providers and use their phones in connection with their medical business. [Dkt. # 1-1 at 5-6.] Plaintiffs argue, among other things, that the records are protected from disclosure by HIPAA and the physician-patient privilege. [Dkt. #1 at 14-15.]

## ANALYSIS

**I.  HIPAA Does Not Apply to T-Mobile With Respect to the Records Sought by the Subpoena.**

HIPAA is a federal privacy statute that governs how Covered Entities and their Business Associates handle private health information. *See generally* 45 C.F.R. §§ 160 and 164. A Covered Entity is defined to include any (1) health plan, (2) health care clearinghouse—i.e., a third-party intermediary between a provider and insurer—or a (3) health care provider who electronically transmits any health information in connection with transactions for which Health and Human Services ("HHS") has adopted standards. 45 C.F.R. § 160.103.

A Business Associate is a person or entity who, on behalf of a Covered Entity, performs or assists in performance of a function or activity involving the use or disclosure of individually identifiable health information, such as data analysis, claims processing or administration, utilization review, and quality assurance reviews, or any other function or activity regulated by the HIPAA Administrative Simplification Rules, including the Privacy

1  Rule. 45 C.F.R. § 160.103(3). HIPAA does not apply to an entity that does not fall within one of those two categories. *See* 45 C.F.R. §§ 160.102 & 160.103.

Plaintiffs do not argue that T-Mobile is a Covered Entity or Business Associate under HIPAA with respect to Plaintiffs' call detail records or that T-Mobile has obligations to Plaintiffs' patients.[1] Plaintiffs argue that they, as health care providers, have obligations under HIPAA with respect to patient information and records. [Dkt. #1-3 at 8.] But even accepting Plaintiffs' premise, any such obligations do not extend to T-Mobile or to the T-Mobile records associated with Plaintiffs' account.

## II.     The Physician-Patient Privilege Does Not Apply to T-Mobile Records.

The physician-patient privilege, as recognized under Arizona law, provides that a "physician or surgeon shall not be examined as a witness without consent of the physician or surgeon's patient, as to any information acquired in attending the patient which was necessary to enable the physician or surgeon to prescribe or act for the patient." *State v. Wilson*, 200 Ariz. 390, 393 ¶ 5 (App. 2001) (internal quotations omitted) (citing to A.R.S. § 13-4062(A)(4)). The privilege applies to "communications made by the patient to his *physician* for the purpose of treatment." *State v. Santeyan*, 136 Ariz. 108, 110 (1983) (emphasis added); *see also State v. Morales*, 170 Ariz. 360, 363 (App. 1991); *Lewin v. Jackson*, 108 Ariz. 27, 31 (1972); *State v. Beaty*, 158 Ariz. 232, 239 (1988). Because the physician-patient privilege does not exist at common law, state statutes creating such a privilege must be "strictly construed." *Wilson*, 200 Ariz. at 393 ¶ 5 (internal citation and quotation marks omitted).

---

[1] Even if Plaintiffs argued that T-Mobile somehow met the definition of a Business Associate (it does not), T-Mobile would fall under a clearly defined conduit exception to that definition. *See* 78 Fed. Reg. 5571-72 (Jan. 25, 2013) (noting that a telecommunications company falls under the "conduit exception" because although it "may have occasional, random access to protected health information when it reviews whether the data transmitted over its network is arriving at its intended destination, [s]uch occasional, random access to protected health information would not qualify the [telecommunications] company as a business associate.").

- 4 -

Plaintiffs argue that the Subpoena infringes on the physician-patient privilege because call detail records requested by the Subpoena include "telephone 'metadata'" that could potentially be used to identify patients with whom Plaintiffs communicated. [Dkt. #1-1 at 7-8.] But Plaintiffs' argument fails for several reasons. First, T-Mobile, the subpoenaed party, is not a healthcare provider and does not have a privileged relationship with Plaintiffs or Plaintiffs' patients, and the Subpoena requests only records maintained by T-Mobile in the ordinary course of its business.

Second, the Subpoena does not otherwise request information that would be subject to the physician-patient privilege. The "physician-patient privilege protects a patient's identity when its revelation would inevitably expose information the patient had divulged in confidence." *Carondelet Health Network v. Miller*, 221 Ariz. 614, 617 ¶ 13 (App. 2009) (interpreting *Ziegler v. Superior Court*, 131 Ariz. 250 (1982)). *See Browne v. Brooke*, 236 F.2d 686, 688-89 (D.C. Cir. 1956) (finding that doctor-patient privilege "extends only to information the physician acquires in attending [to] a patient in a professional capacity") (internal quotations omitted); *Matysik v. Judd Transportation, LLC*, 2016 WL 559217, *1 (S.D. Ind. Feb. 12, 2016) (finding that "the physician-patient privilege extends only to information acquired by the physician for the purposes of prescribing and treatment.") (Internal quotations and citations omitted).

Here, T-Mobile records showing calls made to or from Plaintiffs "reveal [] nothing of any communication concerning [any] patient's ailments." *Carondelet Health Network*, 221 Ariz. at 617-18 ¶¶ 13, 15 (citation and quotation marks omitted) (allowing a hospital to disclose a witness's name even though they were a patient). Because the T-Mobile records requested do not implicate the "confidential contents of the . . . patient's medical records," the physician-patient privilege does not apply. *Id.* at 618 ¶ 16.

Finally, if the Court were to find that call detail records associated with Plaintiffs' account could be subject to a claim of privilege, the Court should confirm that T-Mobile has no affirmative obligation to assert any such claimed privilege in response to otherwise valid legal process. As a practical matter, it is impossible for T-Mobile, as a wireless

services provider, to know the specific purposes for which Plaintiffs—or any other customers—use their wireless service, and it would therefore be impossible for T-Mobile to evaluate or assert any privilege claims relating to such records.

## CONCLUSION

For the reasons set forth above, T-Mobile takes no position on the other issues raised by Plaintiffs' Motion to Quash and will comply with any Order by this Court to either produce or not produce records under the Subpoena. However, for the reasons set forth above, T-Mobile respectfully requests this Court affirm that neither HIPAA nor the physician-patient apply to T-Mobile in this case.

DATED this 8th day of August, 2022.

SNELL & WILMER L.L.P.

By: /s/ *Brett W. Johnson*
Brett W. Johnson
Tracy A. Olson
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202

# **CERTIFICATE OF SERVICE**

I certify that on August 8th, 2022 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, which electronically sends a copy of same on to:

Alexander Kolodin
Roger Strassburg
Veronica Lucero
Arno Naeckel
The Davillier Law Group, LLC
4105 North 20th Street, Suite 110
Phoenix, AZ 85016
akolodin@davillierlawgroup.com
rstrassburg@davillierlawgroup.com
vlucero@davillierlawgroup.com
anaeckel@davillierlawgroup.com
phxadmin@davillierlawgroup.com

Laurin Mills
Samek Werther Mills, LLC
2000 Duke Street, Suite 300
Alexandria, VA 22314
laurin@samek-law.com

Douglas N. Letter
Todd B. Tatelman
Eric R. Columbus
Michelle S. Kallen
Stacie M. Fahsel
Office Of General Counsel
U.S. House Of Representatives
5140 O'Neill House Office Building
Washington, D.C. 20515
Telephone: (202) 225-9700
Douglas.Letter@mail.house.gov
Attorneys for Congressional Defendants

/s/ *Richard A. Schaan*