Alexander Kolodin (SBN 030826)
Roger Strassburg (SBN 016314)
Veronica Lucero (SBN 030292)
Arno Naeckel (SBN 026158)
**Davillier Law Group, LLC**
4105 North 20th Street, Suite 110
Phoenix, AZ 85016
602-730-2985
Email: akolodin@davillierlawgroup.com
       rstrassburg@davillierlawgroup.com
       vlucero@davillierlawgroup.com
       anaeckel@davillierlawgroup.com
       phxadmin@davillierlawgroup.com (file copies)

Laurin Mills (*pro hac vice*)
**Samek | Werther | Mills, LLC**
2000 Duke Street
Suite 300
Alexandria, VA 22314
703-547-4693
Email: laurin@samek-law.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dr. Michael P. Ward, D.O., *et al.*;<br>   *Plaintiffs*,<br>v.<br>Bennie G. Thompson, *et al.*;<br>   *Defendants*. | Case No. 3:22-cv-08015-DJH<br><br>**PLAINTIFFS' REPLY TO T-MOBILE USA, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO QUASH**<br>**(Hon. Diane J. Humetewa)** |

    Drs. Michael P. Ward and Kelli Ward, on behalf of themselves and Mole Medical Services, PC (collectively the "Wards"), submit this Reply to the Response of T-Mobile USA, Inc. ("T-Mobile") to Plaintiffs' Motion to Quash Congressional Subpoena.

## Introduction

    The Select Committee to Investigate the January 6 Attack on the U.S. Capitol (the "Committee") issued a subpoena *duces tecum* (the "Subpoena") to T-Mobile seeking the cellular telephone records of the Wards, both of whom are physicians. The Wards filed suit and a Motion to Quash arguing that the Subpoena should be quashed because it compromises interests protected by the physician-patient privilege, the Health Insurance Portability and Accountability Act ("HIPAA"), core First Amendment rights of political participation and free association, and the personal privacy rights of individuals the Committee has no reason to investigate.

In its Response, T-Mobile states that it "takes no position on the merits of Plaintiffs' arguments. Response at 1 (ECF Doc. 48). T-Mobile then unnecessarily asks the Court to reject any argument that (1) T-Mobile has any obligations under HIPAA; or (2) T-Mobile has obligations to assert or protect the physician-patient privilege. *Id.* at 2. Because Plaintiffs never contended that T-Mobile had obligations under either HIPAA or the physician-patient privilege, T-Mobile's arguments are both perplexing and irrelevant.

## Argument

### I. Plaintiffs Never Contended that T-Mobile Had Obligations Under Either HIPAA or the Physician-Patient Privilege.

Upon receipt of the Subpoena, T-Mobile alerted the Wards as to the existence of the Subpoena and its intent to comply with the Subpoena absent a motion seeking to quash it. That was the right thing to do.

The Wards – who are both physicians and are obliged to comply with HIPAA and otherwise protect patient privacy – moved to quash the Subpoena because they believe that the Subpoena would compromise patient privacy and that it conflicts with their HIPAA obligations. The Wards, however, never contended that HIPAA covers T-Mobile or that T-Mobile, which is a telecommunications common carrier, has any obligation to protect patient privacy.

T-Mobile acknowledges that "Plaintiffs do not argue the T-Mobile is a Covered Entity or Business Associate under HIPAA . . . or that T-Mobile has obligations to Plaintiffs' patients." Response at 4. Nevertheless, T-Mobile seeks to have the Court rule unnecessarily on arguments Plaintiffs never made. That position is puzzling, to the say the least, and should be rejected. There is no reason for the Court to rule on questions not properly before the Court and unnecessary to decide the Motion to Quash.

### II. The Call Information Sought by the Committee Could Compromise Patient Privacy.

Even though the Wards never contended that T-Mobile has any obligation to protect patient privacy, T-Mobile argues that the physician-patient privilege does not apply to T-Mobile's call detail records ("CDR's") and customer proprietary network information ("CPNI") (i.e., personally identifiable information derived from a customer's relationship with a communications services provider), both of which are sought in the broad Subpoena. Response 4-6. The patient-privacy impacts of enforcing the subpoena was addressed at far greater length in Plaintiffs' Response to the Committee's Motion to Dismiss, which Plaintiffs' fully incorporate herein by reference. Thus, Plaintiffs make but a brief response to these arguments here.

T-Mobile's first argument is that it is not a healthcare provider and does not have a privileged relationship with the Ward's patients. Response at 5. That is a silly argument. The Wards never argued that T-Mobile had a privileged relationship with the Wards' patients. The issue is whether disclosing the information called for in the Subpoena would compromise patient privacy.

T-Mobile's second argument, which it seems to be making on behalf of the Select Committee rather than on its own behalf, is that the requested information would not compromise patient privacy because the information requested would not expose information the patient disclosed in confidence. Response 5. That argument is simply wrong.

Once a patient's telephone number is disclosed, it would be a trivial matter for the Select Committee to learn the subscriber's identity. It is a certainty that the Select Committee will take that step because the whole purpose of the Subpoena is for the Select Committee to discover who the Wards were in communication with during the relevant time period. Once the Select Committee learns the identity of the subscriber, it will have to further investigate whether that subscriber is a patient, political operative, family member on non-political friend or acquaintance. That determination will likely be made based on calls or visits made by Select Committee investigators. In short, the hundreds of

people – including the Wards' patients – will instantly be swept into the largest criminal investigation in U.S. history.

In *Ziegler v. Superior Court*, 134 Ariz. 390, 656 P.2d 1251 (1982), the court held that "the physician-patient privilege protects a patient's identity when its revelation would inevitably expose information about the patient's medical history, condition, or treatment, and potentially reveal information the patient had divulged in confidence." *Carondelet Health Network v. Miller*, 221 Ariz. 614, 617-18, 212 P.3d 952, 955 (2009) (characterizing *Ziegler*).

A mere communication with certain types of doctors can instantly reveal confidential facts about a patient's condition. For example, a long call with a physician who specializes in treating patients with HIV could be quite revealing. So would a long call with a psychiatrist or obstetrician or abortion provider.

Dr. Kelli Ward's medical practice focuses exclusively on medical weight loss patients. As argued in the Wards' Motion to Quash, medical weight loss is an extremely sensitive issue for many patients and the patient weight control issues may be related to psychological problems, diabetes, eating disorders or other maladies. The Select Committee has no right to access such sensitive information and a call to such a patient to determine why they were speaking with Dr. Ward will only exacerbate such problems.

Moreover, Select Committee subpoenas are nothing like grand jury subpoenas, which have strong secrecy protections attached by law. The Select Committee has prime time television specials to announce what it learned in its investigation. There is no reason to believe that Select Committee investigators will be sensitive to patient privacy concerns or keep their identities confidential. Even if the Committee was lawfully entitled to it, which the Committee is not, there are other far less intrusive methods for the Select Committee to obtain information relevant to its investigation, but it chose to fire a blunderbuss rather than take a rifle shot.

## Conclusion

T-Mobile's arguments are either irrelevant or simply wrong. The Subpoena should be quashed.

Respectfully submitted this 22nd day of August 2022

/s/ *Alexander Kolodin*
Alexander Kolodin
Roger Strassburg
Veronica Lucero
Arno T. Naeckel
**Davillier Law Group, LLC**
4105 North 20th Street
Suite 110
Phoenix, AZ 85016

/s/ *Laurin Mills*
Laurin Mills
**SAMEK | WERTHER | MILLS, LLC**
2000 Duke Street
Suite 300
Alexandria, VA 22314
(*Pro hac vice*)

CERTIFICATE OF SERVICE

I certify that on August 22, 2022 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, which electronically sends a copy to be served on all registered parties.

*/s/ Alexander Kolodin*