Alexander Kolodin (SBN 030826)
Roger Strassburg (SBN 016314)
Veronica Lucero (SBN 030292)
Arno Naeckel (SBN 026158)
**Davillier Law Group, LLC**
4105 North 20th Street, Suite 110
Phoenix, AZ 85016
602-730-2985
Email: akolodin@davillierlawgroup.com
    rstrassburg@davillierlawgroup.com
    vlucero@davillierlawgroup.com
    anaeckel@davillierlawgroup.com
    phxadmin@davillierlawgroup.com (file copies)

Laurin Mills (*pro hac vice*)
**Samek | Werther | Mills, LLC**
2000 Duke Street
Suite 300
Alexandria, VA 22314
703-547-4693
Email: laurin@samek-law.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dr. Michael P. Ward, D.O., *et al.*;<br>    *Plaintiffs*,<br>v.<br>Bennie G. Thompson, *et al.*;<br>    *Defendants*. | Case No. 3:22-cv-08015-DJH<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY**<br>(Hon. Diane J. Humetewa) |

As noted in prior briefing, the RNC appealed from the D.C. District Court's decision in *Republican National Committee v Pelosi*. On May 23, 2022, the RNC filed an Emergency Motion for Administrative Injunction and Injunction Pending Appeal. (Doc. #1947597).[1] This motion requested that the RNC's third-party communications vendor "be enjoined from releasing the records requested by the House Select Committee pending further order of the court." (Doc. #1948112).

On May 25, 2022, the D.C. Circuit Court of Appeals held that "Appellant has satisfied the stringent requirements for an injunction pending appeal" set forth in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). (Doc. #1948112). The requirements set forth in *Winter* are as follows: (1) likelihood of success on the merits, (2) likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of

---

[1] All citations with document numbers are to USCA Case #22-5123.

equities tips favor of the party seeking the injunction, and (4) that an injunction is in the public interest. *Winter* at 20. The D.C. Circuit then set a briefing schedule to address the following issues:

> Whether the Select Committee itself, as opposed to its Members, is immune from this lawsuit under the Speech and Debate Clause of the Constitution or under principles of federal sovereign immunity;
>
> Whether Salesforce's compliance with the subpoena constitutes state action for purposes of the First Amendment claim. If so, whether Salesforce is immune from this lawsuit under the Speech and Debate Clause; and
>
> Whether the defendant Members of Congress or the Select Committee were indispensable parties to this lawsuit.

(Doc. #1948112).

On May 29, 2022, the Committee filed an unopposed motion to postpone oral argument. (SCA Case #22-5123 Doc. #1948470). Oral arguments were subsequently reset for September 23, 2022. (Doc. #1962096) at pg. 1.

On June 24, 2022, the RNC filed its Opening Brief. (Doc. #1952081). In that brief, it argued that:

> Under this Court's rule in *United States v. Patterson*, "[t]he burden is on the court to see that [a congressional] subpoena *is good in its entirety* … ." 206 F.2d 433, 434 (D.C. Cir. 1953) (emphasis added [in original brief]) (quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214, 221 (1951)). Acting as a check on congressional temptation to draft overbroad subpoenas, this rule forces Congress to carefully "narrow the scope of possible conflict" at the drafting stage. *Trump v. Mazars USA*, LLP, 140 S. Ct. 2019, 2036 (2020). The rule therefore places the onus on Congress—rather than the subpoena recipient—"to cull the good from the bad," *Patterson*, 206 F.2d at 434

> (quoting *Bowman Dairy*, 341 U.S. at 221), especially when the recipient is a neutral third-party custodian and the true target does not receive notice of the subpoena. While respecting "legislative independence," the rule also promotes important "separation of powers" principles. *Jewish War Veterans of the U.S. of Am., Inc. v. Gates*, 506 F. Supp. 2d 30, 62 (D.D.C. 2007). Rather than relying on courts to line edit congressional subpoenas, which "runs the risk of the court intruding into the [legislative] sphere," *see United States v. Rostenkowski*, 59 F.3d 1291, 1306 (D.C. Cir. 1995), the rule requires courts to refuse to enforce congressional subpoenas that are "part good and part bad." *Patterson*, 206 F.2d at 434.

(Doc. #1952081) at pg. 55-56.

On July 22, 2022, the Committee filed its Answering Brief. (Doc. #1956171). On August 19, 2022, the RNC filed its Reply Brief. (Doc. #1960162).

On September 2, 2022, the select committee withdrew its subpoena in its entirety, saying:

> Since the Select Committee issued the subpoena to Salesforce, its investigation has progressed substantially. In June and July 2022, the Select Committee held eight hearings laying out portions of the evidence it has gathered to date. The Select Committee is also now actively engaged in drafting its final report and legislative recommendations, as required by House Resolution 503. See H. Res. 503, 117th Cong. (2021). Given the current state of its investigation, the Select Committee has determined that it no longer has a need to pursue the specific information requested in the Salesforce subpoena. The Select Committee has therefore withdrawn this subpoena in its entirety and represents to the Court and the parties that it will not renew that subpoena for the duration of its investigation. The Select Committee further represents that it is not currently seeking, and will not in the future seek, the RNC's data from Salesforce—or from any other source—

in the discharge of its obligations under House Resolution 503. (Doc. #1962096) at pg. 3-4. The Select Committee vociferously argued that the withdrawal of the subpoena mooted the case. *Id*. at pg. 4-6. To undersigned counsel's knowledge, resolution of this question is pending.

Of note, the Committee had made similar arguments in *Pelosi* to those advanced in this case, saying that "no purported harm will befall the RNC's supporters unless the Select Committee is able to determine identifying information from the metrics and metadata it receives from Salesforce, chooses to compile such information, and then widely publicizes it. None of these events flow directly or imminently from Salesforce's production of documents to the Select Committee. The fact that they might possibly occur is insufficient to warrant a preliminary injunction." (Doc. #1947597) at pg. 443-444 (citing *Winter* at 22); *see also* (Doc. #1956171) at pg. 28 (same argument on appeal).

Respectfully submitted this 7th day of September 2022

/s/ *Alexander Kolodin*
Alexander Kolodin
Roger Strassburg
Veronica Lucero
Arno T. Naeckel
**Davillier Law Group, LLC**
4105 North 20th Street
Suite 110
Phoenix, AZ 85016

/s/ *Laurin Mills*
Laurin Mills
**SAMEK | WERTHER | MILLS, LLC**
2000 Duke Street
Suite 300
Alexandria, VA 22314
(*Pro hac vice*)

CERTIFICATE OF SERVICE

I certify that on September 7, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, which electronically sends a copy to be served on all registered parties.

*/s/ Alexander Kolodin*