Alexander Kolodin (SBN 030826)
Roger Strassburg (SBN 016314)
Veronica Lucero (SBN 030292)
Arno T. Naeckel (SBN 026158)
**Davillier Law Group, LLC**
4105 N. 20th St. Ste.110
Phoenix, AZ 85016
Phone: (602) 730-2985
Fax: (602) 801-2539
Emails:
Akolodin@davillierlawgroup.com
Rstrassburg@davillierlawgroup.com
Vlucero@davillierlawgroup.com
Anaeckel@davillierlawgroup.com
Phxadmin@davillierlawgroup.com

Laurin Mills (*Admitted pro hac vice*)
**Samek | Werther | Mills LLC**
2000 Duke Street
Suite 300
Alexandria, VA 22314
703-547-4693
Email: laurin@samek-law.com

*Attorneys for the Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Dr. Michael P. Ward, D.O., *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>Bennie G. Thompson, et al.,<br>          Defendants. | No. 3:22-cv-08015-DJH<br><br><br>**PLAINTIFFS' RESPONSE TO T-MOBILE'S REQUEST FOR CLARIFICATION** |

Drs. Michael P. Ward and Kelli Ward, on behalf of themselves and Mole Medical Services, PC ("Mole Medical") (collectively the "Wards"), submit this Response to T-Mobile USA, Inc.'s Request for Clarification or, in the Alternative, Indicative Ruling.

## PROCEDURAL BACKGROUND

On February 1, 2022, Plaintiffs initiated this case by filing a Complaint and Motion to Quash a subpoena issued by the Select Committee to T-Mobile seeking production of Plaintiffs' cellular telephone and text message records. After many months of extensions, the Select Committee filed a Motion to Dismiss Plaintiffs' Complaint and an Opposition to Plaintiffs' Motion to Quash. On September 22, 2022, this Court granted the Select Committee's motion to dismiss and denied Plaintiffs' motion to quash [ECF Doc. No. 55]. In so ruling, the Court wrote:

> The Court also notes HIPAA does not preclude the production of PHI where an adequate protective order is in place. . . . Plaintiffs allege the parties have not discussed the prospect of a protective order or the potential PHI the subpoena could implicate. . . . The Court therefore encourages the parties to engage in discussion regarding the entry of a protective order designed to protect any potential PHI.

*Id.* at 17-18.

Plaintiffs immediately filed a Notice of Appeal and a Motion for an Injunction Pending Appeal, or in the Alternative, for an Administrative Injunction [ECF Doc. Nos. 56, 57]. On October 7, 2022, this Court denied Plaintiffs' Motion [ECF Doc. No. 68]. In that Order, this Court correctly stated that "the Select Committee clarified at the hearing that it does not seek any of Plaintiffs' patient telephone numbers, thus assuaging any concerns Plaintiffs have asserted regarding their disclosure." *Id.* at 4. The Court concluded its opinion by noting that the status quo has shifted since the inception of the

case based in representations made by the Select Committee in its briefing and during oral argument:

> During the hearing, neither party addressed how the status quo would be affected if the phone records were released. (Doc. 66). Based on the parties briefing and oral argument record, the Court finds the status quo has shifted since the inception of this case. The Congressional Defendants no longer seek Dr. Michael Ward's or his children's phone records and counsel for the Select Committee clarified at the hearing it does not seek Ms. Ward's patient phone numbers. (Doc. 55 at 3 n.4; Doc. 66). To this end, the Court finds the Congressional Defendants have substantially narrowed the subpoena since its initial issuance, and thus shifted the analysis of what is in fact the "status quo."

*Id.* at 7. Notably, the Congressional Defendants took no steps to correct or clarify the record in that regard.

Plaintiffs then sought an emergency injunction or stay from the Ninth Circuit. On October 22, 2022, in a split-panel decision, the Ninth Circuit denied Plaintiffs' request for an emergency injunction. On October 24, 2022, Plaintiffs filed an Emergency Application for a Stay with Supreme Court Justice Kagan (acting as the Circuit Justice for the Ninth Circuit). On October 26, 2022, Justice Kagan stayed the Ninth Circuit case and enjoined T-Mobile from releasing the records sought by the Select Committee pending further order of the Court:

> IT IS ORDERED that the October 22, 2022 order of the [Ninth Circuit] . . . is hereby stayed pending further order of the undersigned or of the Court. Likewise, respondent T-Mobile USA, Inc. is temporarily enjoined from releasing the records requested by the House Select Committee pending further order of the undersigned or of the Court.

Exh. A (attached).

T-Mobile filed the instant Motion for Clarification because the Select Committee has since walked back its written and oral representations about what it is seeking. T-Mobile wrote in its Motion that:

> Since the issuance of the Order, the Committee has informed T-Mobile that it did not, and will not, narrow the Subpoena in such a way and that T-Mobile is obligated to produce all records . . . that are responsive to the Committee's Subpoena, without excluding any subset of call records.

T-Mobile Motion at 1.[1]

## ARGUMENT

### I. THE COURT LACKS JURISDICTION OVER THIS MOTION.

"The filing of a notice of appeal is an event of jurisdictional significance" because "it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (*per curiam*); *Webb v. County of Pima*, 2018 WL 8805978 at *1 (D. Ariz. Sept. 14, 2018). Because Plaintiffs noticed an appeal, and that appeal is now at the Supreme Court, which has stayed the case, it appears that this Court presently lacks jurisdiction to provide the relief requested by T-Mobile.

### II. IF THE COURT LACKS JURISDICTION, IT DOES NOT HAVE THE "INHERENT POWER" TO DO ANYTHING WITH RESPECT TO THIS CASE.

T-Mobile argues that, notwithstanding the rule set forth in *Griggs*, district courts have "inherent power" to clarify "non-final" orders. T-Mobile Br. at 3. This Court has

---

[1] By contrast, Plaintiffs' counsel conferred last week with counsel for T-Mobile about the need for an agreed protocol to filter patient numbers consistent with the Select Committee's earlier representations.

dismissed Plaintiffs' case in its entirety, denied their motion to quash the Select Committee subpoena; and denied Plaintiffs' Motion for a Stay Pending Appeal. Plaintiffs do not understand how this Court's actions were somehow not "final."

T-Mobile observes that the D.C. Circuit permits motions to clarify at the district court level even after a notice of appeal is filed. That is true. *United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.*, 315 F. Supp. 3d 90, 99 (D.D.C. 2018) (citing D.C. Circuit authority). The D.C. Circuit, however, appears to be alone in that practice and the Ninth Circuit has never so ruled. Plaintiffs' position is that if the Court presently lacks jurisdiction, it does not presently have the power to take any action with respect to this case.

T-Mobile's reliance on *Nat. Res. Def. Council v. Sw. Marine, Inc.*, 242 F.3d 1163 (9th Cir. 2001) is likewise inapt, as the decision was based on a finding that the district court's modifications to an injunction "did not materially alter the status" of the case on appeal. *See* 242 F.3d at 1167. By contrast, the relief T-Mobile seeks would significantly alter what this Court believed to be the status quo at the time that it denied Plaintiffs' motion for an injunction pending appeal. (Doc. 68 at 7).

### III.  RULE 62(d) DOES NOT APPLY.

T-Mobile next argues that Fed. R. Civ. P. 62(d) permits district courts to modify orders pending appeal even while the appeal is underway. Rule 62(d) provides:

> (d) Injunction Pending an Appeal. While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

Plaintiffs do not understand how Rule 62(d) is applicable to this situation. First, the Court did not grant a final injunction, so there is no injunction to modify. Second, Plaintiffs' appeal is not interlocutory, but from a final judgment of this Court. See Notice of Appeal (Doc. 56) (appealing from the Court's order of dismissal (Doc. 55)). The denial of an injunction or stay pending appeal does not magically convert an appeal that is taken from a final order into an interlocutory appeal.

## IV.  THE COURT SHOULD FOLLOW RULE 62.1.

Rule 62.1, which is set forth below and provides the Court with the ability to make an "indicative ruling," seems most appropriate for this situation:

> Indicative Ruling on a Motion for Relief That is Barred by a Pending Appeal.
>
> (a) Relief Pending Appeal.  If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> > (1)   defer considering the motion;
> >
> > (2)   deny the motion; or
> >
> > (3)   state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> (b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.
>
> (c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

### A. The Court Should Deny T-Mobile's Motion Without Prejudice.

Based on Rule 62.1, Plaintiffs believe that the most appropriate action would be for the Court to deny T-Mobile's motion without prejudice pursuant to Rule 62.1(a)(2) due to lack of jurisdiction. Plaintiffs do not see how the district court has the power to do anything while the case is in the hands of the Supreme Court and currently stayed.

### B. In the Alternative, the Court Should Defer Ruling Until After Remand from the Ninth Circuit.

Alternatively, because this Court currently lacks jurisdiction to consider the motion due to the filing of the notice of appeal and the Supreme Court's stay, it should defer considering the motion pursuant to FRCP 62.1(a)(1) until such time as the Supreme Court lifts the stay.

Alternatively, the Court could make a finding that T-Mobile's motion raises a substantial issue and permit T-Mobile then to notify the Ninth Circuit, pursuant to Fed. R. Civ. P. 62.1(a)(3), that the motion raises a substantial issue. The Court would then have to wait to decide the issue until such time as the Supreme Court lifts its stay and the Ninth Circuit remands the case to permit clarification of the Court's order.

## V. ON REMAND, THE COURT SHOULD HOLD THE SELECT COMMITTEE TO ITS PRIOR REPRESENTATIONS.

The Select Committee made tactical decisions to make both written and oral representations to this Court about its interest in patient telephone numbers. Neither this Court, nor Judge Ikuta in her dissenting opinion, misunderstood those representations. There is no way for Plaintiffs to know whether or to what extent those representations impacted the Court's rulings on Plaintiffs' Motion to Quash or its Motion for a Stay pending appeal. The fact that this Court took pains to memorialize those representations in its written orders suggests that those representations had at least

some impact. Indeed, the Court specifically pointed out that the Select Committee's representation had materially changed the status quo of this case since its inception. (Doc. 68 at 7.)

Regardless of their impact on the Court's rulings, the Select Committee should not be permitted to play fast and loose with its intentions when arguing hotly contested motions relating to unprecedented matters of such importance that they are now being scrutinized by the Supreme Court. The Select Committee's investigation is civil in nature. Protective orders and discovery protocols are standard in civil litigation. The time crunch the Select Committee may now face is entirely of its own making by requesting five extensions. There remains time to do this right. If the case is remanded, the Select Committee should be ordered to engage with Plaintiffs in the discussion of an appropriate protective order and discovery protocol to protect the patient information the Select Committee agreed it would protect. Those discussions would already be under way if the Committee had been willing to live up to its previous commitments to this Court.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully ask that the Court deny T-Mobile's motion for clarification, without prejudice, or defer ruling until such time that the case may be remanded.

**DATED** this 31st day of October 2022

By: */s/ Alexander Kolodin*

Alexander Kolodin
Roger Strassburg

| | |
|---|---|
| 1 | Veronica Lucero |
| 2 | Arno T. Naeckel |
|   | **Davillier Law Group, LLC** |
| 3 | 4105 N. 20th Street Ste. 110 |
| 4 | Phoenix, AZ 85016 |

Veronica Lucero
Arno T. Naeckel
**Davillier Law Group, LLC**
4105 N. 20th Street Ste. 110
Phoenix, AZ 85016

Laurin Mills (pro hac vice)
**Samek | Werther | Mills LLC**
2000 Duke Street
Suite 300
Alexandria, VA 22314

*Attorneys for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31st, 2022, I electronically submitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

By: */s/ Alexander Kolodin*