DOUGLAS N. LETTER (D.C. Bar No. 253492)
  General Counsel
TODD B. TATELMAN (VA Bar No. 66008)
  Principal Deputy General Counsel
ERIC R. COLUMBUS (D.C. Bar No. 487736)
  Special Litigation Counsel

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515
Telephone: (202) 225-9700
Douglas.Letter@mail.house.gov

*Attorneys for Congressional Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Dr. Michael P. Ward, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>Bennie G. Thompson, et al.,<br><br>　　　　Defendants. | Case No. 3:22-cv-08015-DJH<br><br>**CONGRESSIONAL DEFENDANTS' RESPONSE TO T-MOBILE USA, INC.'S REQUEST FOR CLARIFICATION OR, IN THE ALTERNATIVE, INDICATIVE RULING**<br><br>Assigned to: Judge Diane Humetewa |

T-Mobile "requests that the Court clarify the degree to which its denial of Plaintiffs' request for an injunction or administrative stay pending appeal was dependent on the Court's belief that the [Select] Committee had agreed to further narrow the Subpoena to exclude records of [Dr.] Ward's calls involving telephone numbers associated with her medical patients."  T-Mobile USA, Inc.'s Request for Clarification or, in the Alternative, Indicative Ruling ("T-Mobile Request") at 2, Doc. 73.  As indicated in the briefing before the Ninth Circuit, both Congressional Defendants and Dr. Ward understood this Court's order not to rely on any purported narrowing of the subpoena—as did the Ninth Circuit panel majority in the course of rejecting Dr. Ward's Emergency Motion for Injunction Pending Appeal ("Mot.").

To the extent this Court did believe the subpoena had been narrowed, it should explain that its denial of Plaintiffs' request for an injunction or administrative stay pending appeal was not dependent on whether the Select Committee had agreed to narrow the subpoena to exclude call detail records associated with Dr. Ward's medical patients.

As noted in Congressional Defendants' motion to dismiss, the Select Committee's subpoena to T-Mobile for call records pertaining to Dr. Ward does not seek the content of any communications.  Mem. of Law in Support of Cong. Defs.' Mot. to Dismiss ("Mem.") at 14, Doc. 46.  Without knowing the content of the communications, it is impossible for either the Select Committee or T-Mobile to determine with certainty which communications involved topics relevant to the Select Committee's investigation and which did not.  Indeed, Dr. Ward never suggested that this Court could rule in a manner that excluded conversations with her patients—and actually stated at oral argument that "[t]here is no way to take the patients out."  Hr'g Tr. at 11, Oct. 4, 2022.

The Select Committee did narrow its subpoena to exclude account information that pertained to her husband and their two children, and Congressional Defendants noted this in their motion to dismiss.  *See* Mem. at 4 n.8.  The Select Committee has not narrowed the subpoena in any other way, and Congressional Defendants have not represented otherwise.

On October 23, after this Court (twice) and the Ninth Circuit each rejected Dr. Ward's

arguments, counsel to Dr. Ward belatedly contacted T-Mobile's counsel to claim—incorrectly—that "the [Select] Committee has dropped the request for patient phone numbers." T-Mobile Request Ex. B, Doc. 73-2. Counsel to Dr. Ward cited the Ninth Circuit's dissent, in which Judge Ikuta began a sentence with "Moreover, because the [Select] Committee is 'no longer seeking . . . [Ward's] patient numbers' . . . ." *Id.* (quoting Order ("Ninth Circuit Order") at 5, No. 22-16473 (9th Cir. Oct. 22, 2022) (Ikuta, J., dissenting)) (second set of brackets added by Judge Ikuta). Judge Ikuta did not specify the source of her quotation, but it appears to be from this Court's Order rejecting Plaintiffs' motion for injunction or administrative injunction pending appeal. *See* Order at 2, Doc. 68 ("During arguments the Congressional Defendants confirmed that they are no longer seeking Dr. Michael Ward's records or Plaintiffs' patient phone numbers."); *see also id.* at 4 ("Moreover, the Select Committee clarified at the hearing that it does not seek any of Plaintiffs' patient telephone numbers, thus assuaging any concerns Plaintiffs have asserted regarding their disclosure.") and 7 ("[C]ounsel for the Select Committee clarified at the hearing it does not seek Ms. Ward's patient phone numbers.").

Dr. Ward's attempt to delay further the production of her records should not be countenanced. T-Mobile has stated that it is an "impossible position," Doc. 73 at 5, and Congressional Defendants have a strong interest in clarification by this Court.

At oral argument before this Court, counsel to Congressional Defendants noted that they had no *investigative* interest in any phone records pertaining to persons who were exclusively Dr. Ward's patients. But counsel did *not* state that Congressional Defendants were narrowing the subpoena to exclude such numbers. The relevant portion of the hearing transcript is as follows:

> THE COURT: All right. And I guess, let me—let me ask you, Mr. Columbus, because it—it's also sort of a question in my mind because, again, there seems to be a little bit of a difference in what is being litigated here. At this juncture, and you can correct me if I'm reading too much into your response, at this juncture you're not necessarily seeking any of the patient information. In fact, is it fair to say you're not even seeking any patient identities in the call records?

> MR. COLUMBUS: We have no interest in anything related to Dr. Ward's *medical practices*. We are seeking call records, which are basically phone numbers and times and dates of calls or texts sent. They have no content in it. They do not come with a name. We—this case is not about Dr. Ward as a doctor. She, of course, is like many people[,] uses her telephone for multiple purposes and we are interested only in her efforts as it relates of the work of this Select Committee.

Hr'g Tr. at 5-6 (emphasis added).

This language echoed similar language in Congressional Defendants' motion to dismiss: "there is no reason to expect, and the Wards have provided none, that any personal medical information will be disclosed publicly by the Select Committee, *which is investigating Dr. Kelli Ward's role in attempting to overturn the 2020 Presidential election, not her or her husband's roles as health care providers*." Mem. at 17 (emphasis added). For this reason, counsel for the Congressional Defendants stated that the Select Committee has "no interest in anything related to Dr. Ward's *medical practices*"—not that it has disclaimed an interest in any subset of her call detail records.

Moreover, as a practical matter, it would be impossible to narrow the subpoena to exclude Dr. Ward's patients, because neither Congressional Defendants nor T-Mobile knows which records to exclude, and Congressional Defendants could not, in any event, accept Dr. Ward's representations to that effect. The Select Committee's subpoena therefore covers all call detail records associated with Dr. Kelli Ward's phone number.

Counsel to Dr. Ward clearly understood that Congressional Defendants had not narrowed the subpoena to exclude her patients' information, as evidenced in his response to a subsequent question from the Court:

> THE COURT: Let me interrupt you for one second, Mr. Mills. At least with respect to any of the medical patient information, if there is such concern about damage to those potential patients, isn't it in the interest of Dr. Ward then

- 3 -

to sit down with the Congressional Defendants and figure out a way to at least avoid that portion of it?

   MR. MILLS: We actually offered this.  The first thing I did when I got this case is write a letter to Chairman Thompson saying: We think you need to withdraw the subpoena and we ought to talk about ways to narrow it.  It was met with crickets.  And so then we had to file our motion because they never engaged with us on that issue.  It's not until the briefing on this issue that they agreed to narrow it to take the children out of it, to take Dr. Michael Ward out of it.  *There is no way to take the patients out.  Their numbers are going to be there.  They will do the reverse lookup and they are going to find out who they are. They are not going to have any way of knowing whether they are Republican activists or not*, so they are going to get called.  And we already know what they are being treated for, so their medical condition is going to be revealed because every one of them has a weight loss issue.

   *There is no good way to filter that out. People have lots of phone numbers. It's very difficult to do, and it's a concern here*. . . .

Hr'g Tr. at 10-11 (emphases added).

Likewise, Dr. Ward's briefing before the Ninth Circuit indicates that she understood that the subpoena had *not* been narrowed to exclude phone numbers pertaining to her patients.  Indeed, her emergency motion for injunction pending appeal before the Ninth Circuit included a claim under the Health Insurance Portability and Accountability Act (HIPAA), *see* Mot. at 15-17, that she did not brief as a "serious and difficult questions of law" purportedly compelling this Court to grant an injunction pending appeal, *see* Mot. for Inj. or Admin. Inj. Pending Appeal at 5-9, Doc. 57.

If Dr. Ward believed that the subpoena had been narrowed to exclude her patients' records, she would not have raised a HIPAA argument relevant only to those records before the Ninth Circuit.  Instead, in that Ninth Circuit motion, Dr. Ward stated that "the disclosure of her telephone records would reveal the identities of some of her patients," Mot. at 1; *see also id.* at 4 (subpoena compliance would disclose "contact information for weight loss patients with whom she spoke by phone").  Furthermore, Dr. Ward correctly

- 4 -

noted the sole respect in which Congressional Defendants had narrowed the subpoena. *Id.* at 3 n.3 ("The [Select] Committee has agreed to limit the scope of the subpoena only to records pertaining to Dr. Kelli Ward's phone number on the account."). In any event, the Ninth Circuit majority held that Dr. Ward's HIPAA claim was "insubstantial." Ninth Circuit Order at 2.

Furthermore, to the extent this Court believed that Congressional Defendants had narrowed the subpoena, it made no difference to the outcome. The Court addressed this issue twice while responding to Dr. Ward's arguments in support of an injunction. *First*, in holding that Dr. Ward could not establish irreparable harm based on disclosure of patient phone numbers, the Court stated as follows:

> [T]he Court has already found that neither the Arizona physician-patient privilege nor the Health Insurance Portability and Accountability Act apply to bar disclosure of the records sought. (Doc. 55 at 14–18). Moreover, the Select Committee clarified at the hearing that it does not seek any of Plaintiffs' patient telephone numbers, thus assuaging any concerns Plaintiffs have asserted regarding their disclosure.

Doc. 68 at 4. This indicates that the Court's holdings with regard to the Arizona physician-patient privilege and HIPAA would have sufficed, without more, to find an absence of irreparable harm.

*Second*, the Court noted this issue in rejecting Dr. Ward's motion for an administrative injunction to preserve the status quo until the Ninth Circuit could rule on a motion for an injunction pending appeal. But Dr. Ward's motion for an administrative injunction from this Court is now moot: T-Mobile did not produce the records to the Select Committee after this Court's ruling, and Dr. Ward has since litigated her stay request before the Ninth Circuit and U.S. Supreme Court, where it remains pending. Dr. Ward therefore no longer can benefit from an administrative injunction from this Court.

## CONCLUSION

For the foregoing reasons, Congressional Defendants request that the Court clarify

- 5 -

that the instant subpoena has been narrowed only as noted in Congressional Defendants motion to dismiss.

Respectfully submitted,

*/s/ Douglas N. Letter*
DOUGLAS N. LETTER
   *General Counsel*
TODD B. TATELMAN
   *Principal Deputy General Counsel*
ERIC R. COLUMBUS
   *Special Litigation Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515
Telephone: (202) 225-9700
Douglas.Letter@mail.house.gov

October 31, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2022, I caused the foregoing document to be filed via the CM/ECF system for the U.S. District Court for the District of Arizona, which I understand caused a copy to be served on all registered parties.

*/s/ Douglas N. Letter*
Douglas N. Letter