**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael P Ward, et al., | No. CV-22-08015-PCT-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Bennie G Thompson, et al., | |
| Defendants. | |

Before the Court is Defendant T-Mobile USA, Inc.'s ("T-Mobile") Motion for a Request for Clarification or, in the alternative, Indicative Ruling (Doc. 73). Plaintiffs Michael and Kelli Ward and Mole Medical Service PC ("Plaintiffs") and Defendant U.S. House of Representatives Select Committee ("Select Committee") have filed Responses (Docs. 75 & 76, respectively).

**I.   Background**

This case arises out of the U.S. House of Representative's Select Committee's investigation into the January 6, 2021, attack on the United States Capitol. On September 22, 2022, the Court denied Plaintiffs' Motion to Quash a Congressional Subpoena Duces Tecum issued by the United States House of Representatives Select Committee ("Congressional Defendants") in furtherance of its investigation into the January 6th attack on the United States Capitol. (Doc. 55). The Court also dismissed Plaintiffs' claims against the Congressional Defendants because of their immunity from suit under the doctrine of sovereign immunity. (*Id.* at 6).

On September 23, 2022, Plaintiffs appealed that Order. (Doc. 56). Three days later, on September 26, 2022, Plaintiffs moved this Court for an injunction pending appeal or, in the alternative, an administrative injunction "to allow Plaintiffs sufficient time to seek an emergency injunction in the Ninth Circuit" ("Motion for PI on Appeal"). (Doc. 57 at 2). On October 7, 2022, the Court denied Plaintiffs' Motion for PI on Appeal. (Doc. 68). Plaintiffs then sought an emergency injunction from the Ninth Circuit barring T-Mobile from complying with the subpoena. (Doc. 75 at 3). On October 22, 2022, the Ninth Circuit denied Plaintiffs' request. (*Id.*) Plaintiffs then filed an Emergency Application for a Stay with the United States Supreme Court. (*Id.*) On October 26, 2022, Justice Kagan temporarily stayed the Ninth Circuit's October 22, 2022, Order, and enjoined T-Mobile from releasing the records sought by the Select Committee pending further briefing and order of the Supreme Court. (*Id.*) An order on the Emergency Application has yet to be issued.

On October 28, 2022, T-Mobile filed a Motion for a Request for Clarification or, in the alternative, Indicative Ruling with this Court. (Doc. 73). Therein, T-Mobile asks the Court to "clarify the degree to which its denial of Plaintiffs' request for an injunction or administrative stay pending appeal was dependent on the Court's belief that the [Select] Committee had agreed to further narrow the Subpoena to exclude records of Ward's calls involving telephone numbers associated with her medical patients." (Doc. 73 at 2). T-Mobile's request stems from the Select Committee's position that it did not, and will not, narrow the subpoena and that T-Mobile is obligated to produce all records associated with the number ending in 4220 that are responsive to the Select Committee's subpoena. (Doc. 73-1 at 2). Plaintiffs, on the other hand, argue that "the Select Committee should be ordered to engage with Plaintiffs in the discussion of an appropriate protective order and discovery protocol to protect the patient information the Select Committee agreed it would protect." (Doc. 75 at 8).

**II.    Discussion**

A notice of appeal generally divests the district court of jurisdiction over the matters

being appealed. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance" because "it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Here, Plaintiffs have appealed the Court's Order denying Plaintiffs' Motion to Quash and granting Congressional Defendants' Motion to Dismiss (Doc. 56), the latter of which the Court granted on grounds of sovereign immunity. Issues related to a stay of that Order (Doc. 55)—which included a consideration of Plaintiffs' patient privacy rights—are now on appeal before the United States Supreme Court.[1] Accordingly, the Court concludes it does not have jurisdiction over the issues on which T-Mobile seeks clarification. *Griggs*, 459 U.S. at 58.

However, in certain circumstances where a district court has been divested of jurisdiction because of a pending appeal, Rule 62.1 of the Federal Rules of Civil Procedure permits the Court to (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). Here, T-Mobile asks that "the Court clarify whether its denial of Plaintiffs' request for an injunction pending appeal relied on the Court's belief that the Committee had narrowed the Subpoena." (Doc. 73). It is true that the Court's "status quo" analysis and subsequent denial of Plaintiff's Motion for PI on Appeal related to the narrowing of the subpoena, namely that the Congressional Defendants no longer sought Mr. Ward's or her children's phone records, and on the Congressional Defendants representations that they were not interested in Plaintiffs' patient phone numbers. (Doc. 68 at 7). Nevertheless, it remains implausible for T-Mobile to parse out those patient phone numbers and, despite this Court's encouragement, the

---

[1] It is unclear to the Court whether this Court's denial of Plaintiffs' Motion for PI on Appeal is itself on appeal. Following this Court's denial, Plaintiffs moved the Ninth Circuit for an order barring T-Mobile from complying with the subpoena pending the appeal. The Ninth Circuit denied that emergency motion for injunctive relief. In relevant part, the Ninth Circuit found Plaintiffs' patient privacy concerns to be "insubstantial" and did not otherwise discuss this Court's findings with relation to those concerns. (Doc. 72 at 2). Plaintiffs have now appealed the Ninth Circuit's denial to the Supreme Court. Out of an abundance of caution, the Court assumes its statements related to Plaintiffs' privacy concerns may be relevant in the Supreme Court's determination of whether to affirm the Ninth Circuit's denial of Plaintiffs' request for a stay pending appeal.

parties apparently have not discussed a process by which to do so. Pursuant to Rule 62.1(3), if remanded, this Court would grant T-Mobile's motion and clarify that T-Mobile shall produce the records listed in Section A of the subpoena (Doc. 1-1 at 3), whether patient or non-patient numbers, for the period of November 1, 2020, to January 31, 2021, but only for Ms. Kelli Ward's number ending in 4220.

Accordingly,

**IT IS HEREBY ORDERED** that T-Mobile's Motion for an Indicative Ruling (Doc. 73) is **granted** as stated herein. T-Mobile shall notify the Ninth Circuit and United States Supreme Court of this indicative ruling in accordance with Rule 62.1(b).

Dated this 4th day of November, 2022.

Honorable Diane J. Humetewa
United States District Judge